**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Bethel, | No. CV 11-1224-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Equity Residential, | |
| Defendant. | |

Pending before the Court is Plaintiff's motion to appoint counsel (Doc. 14). There is no constitutional right to appointment of counsel in a civil case. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court, however, does have the discretion to appoint counsel in "exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).[1] In order to determine whether exceptional circumstances exist, the Court evaluates a plaintiff's "'likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his or her claim *pro se* in light of the complexity of the legal issues involved.'" *Richard v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Wilborn*, 789 F.2d at 1331. Neither factor is determinative, and the Court must consider both factors before reaching a decision on a

---

[1] Even though Plaintiff is not proceeding *in forma pauperis* in this case, the Court is applying the indigent litigant standard of 28 U.S.C. § 1915 because in her motion Plaintiff states that she cannot afford a lawyer.

1  request for appointment of counsel. *See Wilborn*, 789 F.2d at 1331.

2  Defendant has moved to dismiss, or in the alternative for more definite statement, arguing that "the complaint is unintelligible." Doc. 11 at 2. This suggests Plaintiff is having a difficult time articulating her claims pro se. However, in her motion to appoint counsel, Plaintiff clearly and articulately states her position. Doc. 14. Additionally, the Court has reviewed the complaint, and does not find that the one page complaint has merit. Doc. 1-1 at 2. Thus, the Court will not appoint counsel at this time.

The Court will grant Defendant's motion for more definite statement, and deny the motion to dismiss without prejudice. Plaintiff will be required to file an amended complaint, which follows Federal Rule of Civil Procedure 8's pleading standard. Plaintiff is encouraged to follow one of the form complaints provided at forms 10-21 found in the Federal Rules of Civil Procedure.

Based on the foregoing,

IT IS ORDERED that Plaintiff's motion to appoint counsel (Doc. 14) is denied.

IT IS FURTHER ORDERED that Defendant's motion for more definite statement (part of Doc. 11) is granted, Defendant's motion to dismiss (part of Doc. 11) is denied without prejudice.

IT IS FURTHER ORDERED that Plaintiff shall file an amended complaint by September 12, 2011.

DATED this 12th day of August, 2011.

James A. Teilborg
United States District Judge