**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Diane Bethel,<br><br>    Plaintiff,<br><br>vs.<br><br>Equity Residential,<br><br>    Defendant. | No. CV 11-1224-PHX-JAT<br><br>**ORDER** |

Currently pending before the Court are Defendant's Motion to Dismiss (Doc. 26) and Motion to Strike Plaintiff's Surreply (Doc. 30).

## **BACKGROUND**

Plaintiff originally filed her complaint in state court on April 29, 2011. (Doc. 1-1.) Defendant removed to this Court on June 22, 2011 because Plaintiff's response to a motion to dismiss that Defendant filed in state court indicated, for the first time, that she was attempting to assert a cause of action under the federal Fair Housing Act. (Doc. 1.) The Notice of Removal alleges that this Court has original jurisdiction pursuant to 28 U.S.C. §1331 because of federal question jurisdiction. (Doc. 1.)

On August 12, 2011, the Court denied Plaintiff's request to appoint counsel (Doc. 14) and granted Defendant's Motion for More Definite Statement (part of Doc. 11). (Doc. 16.) The Court ordered Plaintiff to file an amended complaint that meets Federal Rule of Civil Procedure 8's pleading standard. (Doc. 16.) After receiving a couple of extensions, Plaintiff

1 filed her Amended Complaint on December 2, 2011. (Doc. 25.)

2 The Amended Complaint alleges causes of action under the Arizona Residential 3 Landlord Tenant Act ("ARLTA"). It also seeks punitive damages and damages for pain and 4 suffering. But the Complaint never mentions the federal Fair Housing Act (the "FHA") or 5 any other federal cause of action.

## **COURT LACKS JURISDICTION**

7 Defendant filed the pending Motion for Partial Dismissal (Doc. 26) on December 19, 8 2011. In the Motion, Defendant argues pursuant to Federal Rule of Civil Procedure 12(b)(6) 9 that Plaintiff has failed to state a claim under the FHA. Defendant also seeks dismissal of 10 Plaintiff's claim for retaliation under the ARLTA on statute of limitations grounds.

11 Regarding possible FHA claims, Defendant argues in the Motion to Dismiss, "Plaintiff 12 has previously indicated that she is seeking relief under the Fair Housing Act . . . To the 13 extent that Plaintiff continues to assert such a claim, it is subject to dismissal based on the 14 complete absence of essential supporting facts." (Doc. 26 p. 3.) Plaintiff may have indicated 15 in her response to the original motion to dismiss, at the state court level, that she seeks relief 16 under the FHA. But the Amended Complaint that she filed in this Court never mentions the 17 FHA or any other federal statute or constitutional claim. The Amended Complaint 18 supersedes her original complaint. *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 19 2011)("[I]t is well established that an amended complaint supersedes the original, the latter 20 being treated thereafter as non-existent.").

21 Defendant did not urge diversity jurisdiction in its Notice of Removal. And Plaintiff's 22 Amended Complaint does not plead diversity jurisdiction, does not even mention the 23 citizenship of the parties. Morever, as stated above, Plaintiff does not list a single federal 24 statute, treaty, or constitutional provision in the Amended Complaint. The Court therefore 25 finds, based on the face of the Amended Complaint, that it lacks jurisdiction over this action 26 concerning ARLTA and will remand to the state court.

27 Accordingly,

28

- 2 -

**IT IS ORDERED** remanding to the Superior Court of Maricopa County, Arizona for further proceedings.

**IT IS FURTHER ORDERED** Denying as moot Defendant's Motion for Partial Dismissal (Doc. 26) and Motion to Strike Plaintiff's Surreply (Doc. 30). Defendant may re-urge its arguments in state court.

DATED this 17th day of April, 2012.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge